152763

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## FORT LAUDERDALE DIVISION

## IN ADMIRALTY

### Case No.:  0:17-cv-60271

CHRISTIANSEN ABBRACCI, LLC. and
GEICO MARINE INSURANCE COMPANY,
as the assignee and subrogee of Christensen
Abbracci, LLC,

  Plaintiff,

v.

JAMES D. NALL CO., INC., d/b/a Aqua Air
Manufacturing, and COMFORT MARINE,
INC.,

  Defendants.
_____/

## COMFORT MARINE, INC.'S, ANSWER, AFFIRMATIVE DEFENSES, DEMAND FOR JUAND CROSS CLAIM AGAINST JAMES D. NALL CO., INC. , AND DEMAND FOR JURY TRIAL

COMFORT MARINE, INC., through undersigned counsel and pursuant to Fed. R. Civ. P. 8, hereby answers the complaint and sets forth is affirmative defenses as follows:

## Answer

1.    Comfort Marine is without knowledge sufficient to answer paragraph 1 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

2. Comfort Marine is without knowledge sufficient to answer paragraph 2 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

3. Comfort Marine is without knowledge sufficient to answer paragraph 3 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

4. Comfort Marine admits the allegations in paragraph 4 of the Complaint.

5. Comfort Marine admits the allegations in paragraph 5 of the Complaint.

6. Comfort Marine admits that Plaintiffs purport to bring a maritime time.

7. Comfort Marine admits the allegations in paragraph 7 of the Complaint.

8. Comfort Marine admits the allegations in paragraph 8 of the Complaint.

9. Comfort Marine admits the allegations in paragraph 9 of the Complaint.

10. Comfort Marine admits the allegations in paragraph 10 of the Complaint.

11. Comfort Marine admits the allegations in paragraph 11 of the Complaint only as to Plaintiff's acceptance of Comfort Marine's offer and the deposit paid. Comfort Marine is without knowledge sufficient to answer the remainder of the allegations set forth in paragraph 11 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

12. Comfort Marine admits the allegations in paragraph 12 of the Complaint.

13. Comfort Marine admits the allegations in paragraph 13 of the Complaint.

14. Comfort Marine admits the allegations in paragraph 14 of the Complaint to the extent that Aqua Air used a compressor manufactured by Copeland Scroll. Comfort

Air is without knowledge as to the model number of the compressor and therefore, in an abundance of caution, denies same and demands strict proof thereof.

15. Comfort Marine is without knowledge sufficient to answer paragraph 15 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

16. Comfort Marine admits the allegations in paragraph 16 of the Complaint to the extent that Aqua Air installed a low-pressure switch on the subject units. Comfort Marine denies the remaining allegations in paragraph 16.

17. Comfort Marine denies the allegations in paragraph 17 of the Complaint.

18. Comfort Marine is without knowledge sufficient to answer paragraph 18 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

19. Comfort Marine is without knowledge sufficient to answer paragraph 19 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

20. Comfort Marine admits the allegations in paragraph 20 of the Complaint.

21. Comfort Marine is without knowledge sufficient to answer paragraph 21 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

22. Comfort Marine denies the allegations in paragraph 22 of the Complaint.

23. Comfort Marine is without knowledge sufficient to answer paragraph 23 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

24. Comfort Marine denies the allegations in paragraph 24 of the Complaint.

25. Comfort Marine denies the allegations in paragraph 25 of the Complaint.

26. Comfort Marine denies the allegations in paragraph 26 of the Complaint.

27. Comfort Marine admits the allegations in paragraph 27 of the Complaint.

28. Comfort Marine admits the allegations in paragraph 28 of the Complaint.

29. Comfort Marine admits the allegations in paragraph 29 of the Complaint to the extent that it and Aqua Air visited the vessel at least two times to determine why the subject unit was malfunctioning. Comfort Marine is without knowledge sufficient to answer the remainder of the allegations set forth in paragraph 29 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

30. Comfort Marine is without knowledge sufficient to answer paragraph 30 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

31. Comfort Marines admits that on a date not presently known to it, it conducted an inspection on the vessel with Dewayne Nall from Aqua Air. Comfort Marine is without knowledge sufficient to answer the remaining allegations in paragraph 31 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

32. Comfort Marine admits the allegations in paragraph 32 of the Complaint.

33. Comfort Marine is without knowledge sufficient to answer paragraph 33 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

34. Comfort Marine admits that Mr. Nall admitted that Aqua Air intended to set the freeze switch at 38 degrees Fahrenheit. Comfort Marine is without knowledge sufficient to answer the remaining allegations in paragraph 34 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

35. Comfort Marine is without knowledge sufficient to answer paragraph 35 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

36. Comfort Marine admits the allegations in paragraph 36 of the Complaint.

37. Comfort Marine admits the allegations in paragraph 37 of the Complaint.

38. Comfort Marine admits the allegations in paragraph 38 of the Complaint.

39. Comfort Marine admits the allegations in paragraph 39 of the Complaint.

40. Comfort Marine admits that Aqua Air incorrectly sized the low pressure switch. Comfort Marine is without knowledge sufficient to answer the remaining allegations in paragraph 40 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

41. Comfort Marine is without knowledge sufficient to answer paragraph 41 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

42. Comfort Marine admits the allegations in paragraph 42 of the Complaint.

43. Comfort Marine is without knowledge sufficient to answer paragraph 43 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

44. Comfort Marine is without knowledge sufficient to answer paragraph 44 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

45. Comfort Marine is without knowledge sufficient to answer paragraph 45 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

46. Comfort Marine is without knowledge sufficient to answer paragraph 46 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

### Count I
### Strict Products Liability Against Aqua Air

47. – 55. Count I is not directed to Comfort Marine so no answer is required. To the extent an answer is required, Comfort Marine denies all allegations and demands strict proof thereof.

### Count II
### Products Liability (Negligence) Against Aqua Air

56. 65. Count II is not directed to Comfort Marine so no answer is required. To the extent an answer is required, Comfort Marine denies all allegations and demands strict proof thereof.

## Count III
## Strict Products Liability Against Comfort Marine

66. Comfort Marine realleges its responses to paragraphs 1 through 46, above.

67. Comfort Marine admits the allegations in paragraph 67 of the Complaint.

68. Comfort Marine admits the allegations in paragraph 68 of the Complaint.

69. Comfort Marine admits the allegations in paragraph 69 of the Complaint.

70. Comfort Marine is without knowledge sufficient to answer paragraph 70 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

71. Comfort Marine denies the allegations in paragraph 71 of the Complaint.

72. Comfort Marine admits that the chiller was defective when it sold it to Christensen.  Comfort Marine denies the chiller was unreasonably dangerous.

73. Comfort Marine is without knowledge sufficient to answer paragraph 73 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

74. Comfort Marine admits the allegations in paragraph 74 of the Complaint.

75. Comfort Marine denies the allegations in paragraph 75 of the Complaint.

76. Comfort Marine denies the allegations in paragraph 76 of the Complaint.

## Count IV
## Negligence Against Comfort Marine

77. Comfort Marine realleges its responses to paragraphs 1 through 46, above.

78. Comfort Marine admits the allegations in paragraph 78 of the Complaint.

79. Comfort Marine admits the allegations in paragraph 79 of the Complaint.

80. Comfort Marine admits the allegations in paragraph 80 of the Complaint.

81. Comfort Marine is without knowledge sufficient to answer paragraph 81 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

82. Comfort Marine is without knowledge sufficient to answer paragraph 82 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

83. Comfort Marine admits the allegations in paragraph 83 of the Complaint.

84. Comfort Marine denies the allegations in paragraph 84 of the Complaint.

85. Comfort Marine denies the allegations in paragraph 85 of the Complaint.

86. Comfort Marine denies the allegations in paragraph 86 of the Complaint.

### Count V
### Breach of Implied Warranties Against Comfort Marine

87. Comfort Marine realleges its responses to paragraphs 1 through 46, above.

88. Comfort Marine admits the allegations in paragraph 88 of the Complaint.

89. Comfort Marine denies the allegations in paragraph 89 of the Complaint.

90. Comfort Marine admits the allegations in paragraph 90 of the Complaint.

91. Comfort Marine is without knowledge sufficient to answer paragraph 91 of the Complaint and therefore, in an abundance of caution, denies same and demands strict proof thereof.

92. Comfort Marine denies the allegations in paragraph 92 of the Complaint.

93. Comfort Marine denies the allegations in paragraph 93 of the Complaint.

## **Affirmative Defenses**

1. Plaintiffs fail to state a claim for which relief may be granted.

2. Any and all damages alleged by Plaintiffs were caused in whole or in part by Plaintiffs' negligence, including but not limited to continuing to operate the subject chiller with the knowledge that it was not functioning properly. Therefore, Plaintiffs' may be barred from recovery, or that any recovery should be reduced in direct proportion to Plaintiffs' negligence.

3. Plaintiffs' are barred from recovering any damages for losses sustained that have been paid by any collateral source pursuant to section 768.79, Florida Statutes. Comfort Marine is entitled to a set-off for such amounts.

4. Plaintiffs' damages were not proximately caused by Comfort Marine, but were instead caused by third parties not within Comfort Marine's control.

5. Comfort Marine claims entitlement to the provisions set forth in section 768.81, Florida Statutes, regarding issues of comparative fault, while nevertheless denying any fault in the instant matter.

6. Plaintiffs' knew that the subject chiller differed from that which was ordered but failed to reject the chillers. As such, Plaintiffs' recovery is barred or must be reduced accordingly.

7. There was sufficient intervening and superseding negligence regarding the use and maintenance of the subject chiller precluding Plaintiffs from making any recovery against Comfort Marine.

8. Plaintiffs' failed to mitigate their damages and are not entitled to recover for those damages that could have been avoided through the use of reasonable care.

9. Comfort Marine did not cause or create any defects or defective conditions in the subject chiller. Therefore, Comfort Marine cannot be held liable for the defects and/or deficiencies alleged and/or the damages set forth in the Complaint.

### Cross Claim Against James D. Nall Co., Inc.

Defendant/Cross-Claim Plaintiff, Comfort Marine, hereby sets forth its cross-claim against Defendant, James D. Nall Co., Inc., d/b/a Aqua Air ("Aqua Air"), and states as follows:

1. The subject vessel was named "Silver Lining" prior to its present name, "Abbracci."

2. Aqua Air supplied the chillers used on Silver Lining.

3. When the owners of Abbracci chose to replace the old chillers with new ones, Comfort Marine specifically ordered the chillers from Aqua Air such that they were identical to those used on Silver Lining.

4. The chillers provided by Aqua Air were not identical to those used on Silver Lining.

5. Because the owners of Abbracci wanted to use the vessel, Comfort Marine installed the subject chiller provided by Aqua Air in a professional and workmanlike manner. Despite this, the chiller did not function properly. As a result, Comfort Marine removed the chiller and returned to Aqua Air for repair. The chiller was then reinstalled on the vessel.

5. As set forth in more detail in Plaintiffs' Complaint, once the subject chiller was reinstalled on Abbracci, it still did not function properly.

6. The subject chiller contained a "freeze stat" control that was designed to shut down the chiller if the water temperature dropped too low. This was designed to prevent near-freezing water from entering the chiller and causing irreversible damage.

7. The "freeze stat" installed by Aqua Air was calibrated incorrectly, such that freezing or near freezing water was permitted to enter the chiller.

8. The freezing water damaged the chiller, allowing a breach of the system. As a result of the breach, polyolester ("POE") oil entered the CVPC piping throughout the vessel, and causing the complained-of damage.

9. When Abbracci purchased the chillers in 2015, Aqua Air knew or should have known that the industry had transitioned from the use of POE oil to polyvinylether ("PVE") oil. Unlke POE oil, PVE oil does not cause damage to CPVC piping.

10. The chillers supplied by Aqua Air for the Abbracci still used POE oil.

11. The instant Cross-Claim arises from the same set of facts as the instant Complaint.

12. None of the damages claimed by the Plaintiffs are the result of any actions taken by Comfort Marine.

13. All of the damages claimed by the Plaintiffs are the result of actions taken by Aqua Air.

14. All conditions precedent to bringing this Cross-Claim have occurred, have been waived, or have otherwise been satisfied.

## Count I
## Common Law Indemnity

15. Comfort Marine realleges the allegations set forth in paragraphs 1 through 14 of the Cross-Claim.

16. As a result of the long-standing business relationship between Comfort Marine and Aqua Air, and their oral communications and the purchase by Comfort Marine of the two chillers for the Abbracci, a special relationship was created between them.

17. In the Complaint, Plaintiffs allege that Comfort Marine was negligent in its sale of the chillers, and is also liable in strict products liability.

18. Comfort Marine had no knowledge or belief that Aqua Air could not provide chillers identical to those previously supplied to the vessel, that the freeze-stat was improperly calibrated, and that Aqua Air continued to use POE oil in its chillers.

19. Comfort Marine is faultless as to the Plaintiffs' damages.

20. Aqua Air is wholly at fault for the Plaintiffs' damages.

21. Any liability, if any, on the part of Comfort Marine (which Comfort Marine continues to deny) is solely vicarious, constructive, technical, and based upon the actos or omissions of Aqua Air.

22. Any injury suffered by Plaintiffs was due to the negligence of Aqua Air, and any liability assigned to Comfort Marine should be indemnified by Aqua Air.

WHEREFORE, Comfort Marine demands judgment in its favor and against Aqua Air for common law indemnification, including attorneys' fees, costs, and all such further relief this Court deems just and proper.

## **Demand for Jury Trial**

Comfort Marine hereby demands trial by jury on all issues so triable as a matter of right and law.

DATED:  April 24 , 2017

                          Respectfully submitted,

                            /s/ Thomas J. McCausland
                          Thomas J. McCausland, Esq.
                          Florida Bar No.:  0462217
                          tmccausland@conroysimberg.com
                          Conroy Simberg
                          3440 Hollywood Boulevard, Second Floor
                          Hollywood, FL 33021
                          (954) 961-1400 Broward
                          954-518-8666
                          Attorney for Comfort Marine, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    s/Thomas J. McCausland
Thomas J. McCausland, Esq. (0462217)

## **SERVICE LIST**

CHRISTIANSEN ABBRACCI, LLC V. COMFORT MARINE, INC.
Case No.: 0:17-cv-60271
United States District Court, Southern District of Florida

Adam Denver Griffin, Esq.
Mills Paskert Divers, O.A.
100 North Tampa Street, Suite 3700
Tampa, FL 33602
Phone: 813-397-2849
Fax: 813-229-3502
Email: agriffin@laulane.com
Lead Attorney for Plaintiff

Eddie Glenwood Godwin, Esq.
Lau Lane Piper Conley & McCreadie
100 South Ashley Drive
Suite 1700
P.O. Box 838
Phone: 813-229-2121
Fax: 813-228-7710
Email: egodwin@laulane.com
Attorney for Plaintiff

Jacob J. Liro, Esq.
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
2800 Ponce De Leon Blvd.
Suite 800
Coral Gables, FL 33134
Phone: 305-448-3939
Email: jliro@wickersmith.com
Lead Attorney for James D. Nall, Co., Inc.

Victoria Nicole Godwin-Reese, Esq.
Wicker, Smith, O'Hara, McCoy & Ford, P.A.
515 East Las Olas Blvd.
Suite 1400 Fort Lauderdale, FL 33301
Phone: 954-847-4800
Fax: 954-760-9353
Email: vgodwin@wickersmith.com
Lead Attorney for James D. Nall, Co., Inc.